Kent Proffit # 24939
P O Box 400
Rawlins, Wyoming 82301

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

NOV 3 0 2010

Stephan Harris, Clerk
Cheyenne

## United States District Court
## District of Wyoming

Kent Proffit            )
   Plaintiff         )
               )
v                       )   Case Number  10-CV-260-b
               )
State of Wyoming        )
   Respondents       )
               )

---

**PETITION UNDER 28 U.S.C. § 2254 WRIT OF HABEAS CORPUS:**

---

## PETITIONER: PRO SE

KENT PROFFIT # 24939

W. S. P.

PO BOX 400

RAWLINS, WYOMING 82301

## UNITED STATES DISTRICT COURT

In and for the DISTRICT of WYOMING

2120 CAPITAL AVENUE, ROOM 2131

CHEYENNE, WYOMING 82001

1

1.  **(a) Name and location of court that entered the judgement of conviction you are challenging:**   * Sixth Judicial District of Campbell County, Gillette, Wyo.

    **(b) Criminal docket or case number**:   * CR- 4575

2.  **(a) Date of Judgement of conviction**:   * November 02, 2006

    **(b) Date of Sentencing:**   * January 03, 2007

3.  **Length of sentencing**:   * LIFE WITHOUT PAROLE

4.  **In this case were you convicted on more than one count?**   * YES

5.  **Identify all crimes of which you were convicted and sentenced**: * Murder in the first degree and conspiracy to commit first degree murder.

6.  **(a) What was your plea?**   * NOT GUILTY

    **(b) N/A**

    **(c) If you went to trial, what kind of trial did you have**?   * JURY

7.  **Did you testify at a pretrial hearing, trial, or a post-trial hearing?**   * NO, Petitioner did however want to testify, but Counsel would not allow it. Petitioner had written Letter(s) to notify the Court the Petitioner [wanted] to testify and to Terminate Counsel, for Failure to prepare or investigate and as a consequence failed to Offer supporting Evidence at Trial. A 6th Amendment Violation.

8.  **Did you appeal from the judgement of conviction?**   * YES

9.  **If you did appeal, answer the following:**

    **(a) Name of court?**   * Wyoming Supreme Court, Cheyenne, Wyo.

    **(b) Docket or case number?**   * S - 07 - 0079

    **(c) Result:**   * AFFIRMED

    **(e) Citation to the case?**   * Unknown

    **(f) Grounds raised:**

        * 1. Trial Court erred in admitting Hearsay statement(s) of Chris Hicks.

* **2.** Trial Court committed reversible error when it did not allow, Defense's Expert witness Roger Willard to testify at the trial.

* **3.** Trial Court incorrectly allowed Law Enforcement to offer Hearsay Statements of Jacob Martinez and Mike Sieser.

* **4.** Prosecutor committed Misconduct when he objected to proposed defense Evidence and then mischaracterized the Defense Evidence in Closing Arguments.

(g) **Did you file a petition of Certiorari in the US Supreme Ct?** * UNKNOWN

    (1) **Docket or case number:**

    (2) **Result:**

    (3) **Date of results:**

    (4) **Citation to the case:**

10. **Other than direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgement of conviction in any state court?** * YES

11. **If the answer to question 10 is "YES," give the following information:**

    (1) **Name of Court?** * Sixth Judicial District of Campbell County, Gillette, Wyo.

    (2) **Docket or case no**: * CR- 4575

    (3) **Date of filing:** * AUGUST 28, 2009

    (4) **Nature of proceeding**: * POST CONVICTION RELIEF, IMMEDIATE JUDGEMENT IN FAVOR OF THE PETITIONER, REQUEST FOR SUBPOENAS.

    (5) **Grounds raised**: * Ineffective Assistance of Appellate Counsel & Trial Counsel; Prosecutorial & Police Misconduct; Evidence & Witness Tampering; Violations to the 5th, 6th & 14th Amendments. Judicial err for allowing Vouching for the Credibility of a witness by Police and Hearsay Testimony. Voir Dire issues and the Failure of the Attorney General to Respond in a Timely Manner.

    (6) **Did you receive a hearing where evidence was given on your petition,**

**application, or motion?**                        * NO

**(7) Result**:                                    * Dismissed.

**(8) Date of result**:                            * October 22, 2009

**(b) If you filed a second petition, application or motion, give the same information:**

    **(1) Name of Court**:    * Sixth Judicial District of Campbell Co. Gillette, Wyo.

    **(2) Docket or case number**:                * CR- 4575

**(3) Date of filing**:   *   October 16, 2009 ( left Rawlins) 10/19/2009, [signed] for Clerk of Court (Gillette) 10/21/09.  Filed by the Court 11/02/09.  (Certified) **Denied May 27, 2010.**

**(4) Nature of proceeding**:   * Motion for Immediate Judgement in favor of the Petitioner: Wyo. Attorney General's failure to respond in a timely manner, Incurable Defect.

**(5) Grounds raised:** * Attorney General's DID NOT Respond to CR- 4575, [at all] as required by State Statute. § 7-14-105, W.R.Cr.P. Ruler 45 (b)(1).  An Incurable Defect and the Court violated Judicial Discretion by hearing the Wyo. A.G. after the filing deadline had Elapsed, even after the Petitioner's DULY SERVED his Post-Conviction Relief in accordance to State Statute and was served  upon the State's Attorney and the Court, as prescribed by Law!    This failure of the Wyo A.G. created a [non response] Default, that barred the Wyo. A.G. from being heard by the Court!

**(6) Did you receive a hearing where evidence was given on your petition, application, or motion?**                        * NO

**(7) Result:**                                    * DISMISSED

**(8) Date of result:**                            * May 27, 2010

**c) Did you appeal to the highest state court having jurisdiction over the action on your petition, application or motion?**        * YES

    **(1) First petition:**                     * YES

    **(2) Second petition**:            * YES, Dismissed Procedural Err

4

**(3)  Third petition:**                                  * YES,  Returned to Petitioner.

**(d)  If you did not appeal to the highest state court having jurisdiction, explain why:**
**12.   For this petitioner, state every ground on which you claim that you are being held in**
**violation of the Constitution, laws or treaties of the United States.  Attach additional pages**
**if you have more than four grounds.  State the facts supporting each ground.**

### GROUND ONE, (Original Appeal)

*   Trial Court erred in admitting hearsay statement(s) of Chris Hicks, (Co-Defendant) a
violation of the 6th Amendment, Confrontational Clause.  With a Violation of Brady.

**(a)  Supporting Facts:**

1).  All Testimony of the Witness Martinez, in the context of what "Hicks" allegedly said
are Pure Hearsay.  As defined under Wyo. Rules of Evidence ( W.R.E.) 801 (d) (2) (e).

            a).  Hicks statements to Martinez would have been hearsay if they were not being
offered to prove the assertion being made by Hicks. [Or], that Martinez and Hicks' were being
threatened with Death. **Proffit v State, 103**, Wyo. Pg 5, [¶ 15] 2008.  That Martinez' testimonies
were just that, that He and Hicks had been threatened with Death over this drug deal? The Truth
of the Matter Asserted! This ruling is Judicial err.

            b) It is the offering party ( the State) who must prove the applicability of W.R.E.
801(d) (2)(e), prior to the admission of evidence.  It is the States burden to prove the relevant
facts.  **However in this matter the State did not Establish the Statement(s) above were in**
**fact, statement(s) during the COURSE and in the FURTHERANCE of a CONSPIRACY.**

            c).  Hicks' statements by Martinez "Added Substantial, and perhaps even Critical
weight to the Governments case in a form NOT subject to Cross Examination, since  Hicks did
not take the stand."   Any out of Court statements by one defendant may not be Hearsay to him,
but, to the other defendant it could be.  **W.R.E. 801 (d)(2)(A) and 802.**

            d)  However, unlike **BourJaily** the Court did not decide if the Conspiracy rest

5

solely upon [A] Co-Conspirator , nor did the Court establish through other means of independent evidence of a conspiracy. Thus any claim of errors in the standard utilized to establish the existence of the conspiracy must be evaluated in relation to whether it is Harmless Error. **US v James**, 609 F.2d 32 (2nd Cir. 1979)

2). To have proven these statements were fabricated, and NO Conspiracy had ever taken place, Law Enforcement removed pages of Hicks' Phone records, before discovery, and there were absolutely NO confirmation to the alleged Call made by Hicks. In which would have been recorded on the Cell Phone Records!

a) The removal of these records and Counsel refusal to Subpoena, is a failure under Brady and a Failure of Counsel to offer Exculpatory Evidence of the Petitioner. **Vick v Lockhart**, 952 F.2d 999 (8th Cir. 1991). **See Appendix B:**

b) Counsel then Failed to object to the EXTENSIVE HEARSAY. A 6th Amendment violation. The Plain Error analysis has met the Three Prong test(s).

3) The Court's err in allowing a Cart Blanc testimony of Martinez, that could not be Cross Examined of alleged statements of Hicks was extremely Prejudicial.

a) Then to allow Law Enforcement to testify (Vouch) for the validity of Martinez' testimonies as prior Consistent Statements was in ERR.

b) Because Martinez testified that he had lied throughout the entire Process, to, Police, Judge and Juries. Making the Recited Testimony of Police nothing more than vouching to unreliable and unconstitutional violation to the Petitioner's Due Process, to Equal Protection Under the Law.

c). Without the phone records the Petitioner could not challenge Martinez Fabrications, that there were No calls made to any such drug dealer and that this was fabricated by the Witness Martinez to gain a Plea Deal.

4). The admitted Hearsay is of Constitutional Proportions and subject to a more stringent review. Under Wyo Art. 1 § 10 and the 6th and 14th Amendment of the US Constitution.

6

5). Under the **Bruton Error**, Violation of a Defendants Right of Confrontation by Admitting into evidence a Non-Testifying Co-Defendant's, through the testimony of a Third Co-Defendant's confession that implies both of them, where the statement is not admissible against the Defendant under any exception to the Hearsay Rule.

The Court Erred in allowing these Hearsay statement to be heard by the Jury, these testimonies were more prejudicial then probative and could not be cross examined and lacked **Indicia of Reliability**. This error is not corrected by a limiting instruction to the Jury to consider the Confession only against the One who made it, Because of the High risk that the Jury will disregard the Instruction. (This instruction was given by the Court). **Bruton v US**, 391 US 123 S. Ct. 1620 (1968) and pg. 161 Blacks, 8th Edition.

6). These unsubstantiated statements were used to inflame the Jurors Decency, and were *more prejudicial than probative*.

7). In **Proffit v State, 102**, Wyo. 2008. Was decided just days prior to **Proffit v State** 103, 2008. In which the Wyo. Supreme Court reversed the order of the convictions to over turn Proffit v State, 103, 2008, using Proffit v State, 102, 2008. That the Hearsay testimony of Hicks by Martinez was the purest form of Hearsay and this ruling was Judicial Err. A violation of the Petitioner's Constitutional Rights, to Equal Protection under the Law. And Unethical.

   (b) **If you did not exhaust your state remedies on ground One, explain why?**

   (c) **Direct appeal of ground One:**                 * YES

   (1) **If you appealed this issue from the judgement of conviction, did you raise this issue?**                 * YES

   (2) **If you did not raise this issue in your direct appeal, explain why?:**

(d) **Post-Conviction Proceedings:**

   (1) **Did you raise this issue through a post-conviction motion or petition for habeas corpus in state trial court?**           * YES

   (2) **If your answer to question (d)(1) is "Yes," state: type of motion or petition:**

* Post Conviction Relief, Motion for Immediate Judgement, Appeal to Wyo. S. Ct. and a Motion to reconsider. Motions for Subpoenas.

**Name and location of the court where the motion or petition was filed:**

* Sixth Judicial District, of Campbell Co., Gillette, Wyo.

- **Docket or case number:**                    *   CR- 4575
- **Date of the court decision:**                * October 22, 2009
- **Result: ( attach a copy of the court opinion or order:** * Arbitrarily Dismissed

without review of the Constitutional violation(s) of Grounds having Merit.

(3)  **Did you receive a hearing on your motion or petition?**          *NO

(4)  **Did you appeal from the denial of your motion or petition?**      * YES

(5)  **If your Answer to (d) (4) is "Yes," state: did you raise this issue in the appeal?** * YES

(6)  **If your answer to (d) (4) is "Yes," state:  Name and location of the court where you appeal was filed:**               * Wyoming Supreme Court, Cheyenne, Wyo.

- **Docket or case number:**                    *  S - 10 -0102
- **Date of the court's decision:**              *  May 19, 2010
- **Result: attach a copy of the court's opinion or order:** * Arbitrarily Dismissed

without review.

(7)  **If your answer to question (d) (4) or (d) (5) is "NO," explain why you did not raise this issue:**

(8)  **Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, ect.) That have been used to exhaust your state remedies on Ground One:**  * Filed a motion(s), Direct Appeal, Post Conviction Relief, Immediate Judgement in Favor of the Petitioner, Motion to Reconsider and Subpoenas.

**GROUND TWO**: (Original Appeal)

* Trial Court committed reversible error when it did not allow Defense Expert witness

8

Roger Willard to testify at Trial.

**(a) Supporting Facts**:

1). The Court deprived the Petitioner of his Compulsory Right to call Witnesses in his defense, under Wyo. Art. 1 § 10 and the US Constitutional 6th and 14th Amendment Rights.

2). According to Prosecution, Mr Willard's <u>Notice of Curricula Vitae</u>, was never given to the State as required? This allowed the State to Object to Mr Willard''s Qualifications, the very day he was to testify.

3). A Daulbert Test was Preformed, to challenge the Expert Witnesses qualification. Upon completion of the Daulbert Test, Mr Willard was removed from testifying for the Defense.

4). That the Court stated that Defense Counsel Failed to inform Mr Willard of the "Reported" details of the case, and "**AS A CONSEQUENCE, IT APPEARS THAT- THAT INFORMATION WAS NOT SUPPLIED TO THIS WITNESS.**"   **Proffit v State**, 2006.

5). This Failure of Counsel to inform Mr Willard of the information caused undue harm to the Petitioner, when Mr Willard was excused from testifying, all of the Police Misconduct that had been perpetrated against the Petitioner was not allowed to be brought up. Tampering with witnesses, altering evidence, failsafing police reports and Perjury.

6). The Defense Counsel acted more as a friend of the court than a defendant of the Rights of his client.  **Jones v Barnes**,  463 US 745, 758.

7). Defense counsel's performance was not only ineffective, but counsel abandoned the required duty of loyalty to his client; counsel did not simply make poor strategic or tactical choices; he acted with reckless disregard for his client's best interest, and apparently with the intention to weaken his client's case.  **Osborne v. Shillinger**, 861F.2d 612 (10th Cir 1988).

**(b) If you did not exhaust your state remedies on ground Two, explain why?**

**(c) Direct appeal of ground Two**:                                                    * YES

**(1) If you appealed this issue from the judgement of conviction, did you raise this issue?**                                                    * YES

9

(2)  **If you did not raise this issue in your direct appeal, explain why?:**

(d)  **Post-Conviction Proceedings**:

(1)  **Did you raise this issue through a post-conviction motion or petition for habeas corpus in state trial court?**                                      * YES

(2)  **If your answer to question (d)(1) is "Yes," state: type of motion or petition**:

* Post Conviction Relief, Motion for Immediate Judgement, Appeal to Wyo. S. Ct. and a Motion to reconsider.

**Name and location of the court where the motion or petition was filed:**

                              *    Sixth Judicial District of Campbell Co., Gillette, Wyo.

- **Docket or case number:**                              * CR- 4575
- **Date of the court decision:**                         * October 22, 2009
- **Result: ( attach a copy of the court opinion or order:** * Arbitrarily Dismissed without review of the Constitutional violation(s) of Grounds having Merit.

(3)  **Did you receive a hearing on your motion or petition?**              * NO

(4)  **Did you appeal from the denial of your motion or petition?**      * YES

(5)  **If your Answer to (d) (4) is "Yes," state: did you raise this issue in the appeal?**

(6)  **If your answer to (d) (4) is "Yes," state:  Name and location of the court where you appeal was filed:**                      * Wyo. Supreme Court, Cheyenne, Wyo.

- **Docket or case number:**                                   *    S - 10 - 0102
- **Date of the court's decision:**                            *    May 19 2010
- **Result: attach a copy of the court's opinion or order:**   * Arbitrarily Dismissed without review.

(7)  **If your answer to question (d) (4) or (d) (5) is "NO," explain why you did not raise this issue:**

(8)  **Other Remedies: Describe any other procedures (such as habeas corpus,**

**Ground Two**: * Filed a motion(s), Direct Appeal, Post Conviction Relief, Immediate Judgement in Favor of the Petitioner, Motion to Reconsider and Subpoenas.

## **GROUND THREE:** (Original Appeal)

     ÷ The Trial Court erred in allowing Law Enforcement to offer Hearsay Statements of Jacob Martinez and Michael Seiser.

**(a) Supporting Facts:**

     * **These Statements are not prior, nor are they Consistent. That the Witness (Martinez) testified that he had lied to the Police, Court and to the Juries. Through out the entire Court process, Making these statements inconsistent and unreliable.**

     * That the Vouching of the State Witness is Improper and violates the Petitioner's Due Process, to Equal Protection under the law. There are "NO" Recordings of any kind to support Lt Seeman's Testimonies, NO, audio/visual or even a Witness' Written Statement, don't Exist. A violation under **W.R.C.r.P. Rule 26.2**, (f), (1)(2), witness statements.

     * The Court allowed Lt Seeman to "RECITE" the Witness testimony. Vouching for the Credibility of the witnesses and giving undue weight, that other wise the Jury would of had to evaluate for themselves.

     * Removing the Juries primary responsibility to weigh the Evidence and the Credibility of the said witness!

     * Included in this Vouching are the Facts that Lt Seeman's Police report and Martinez's testimony are at odds. Martinez testified that is was **Junior**, NOT Senior who discussed the details. Lt Seeman's report Specifically states Senior! Martinez disagreed, then Seeman was placed on the stand to rebut the witness own testimony. **Proffit v State,** 2007 Wyo.

     **(b) If you did not exhaust your state remedies on ground Three, explain why?**

     **(c) Direct appeal of ground Three:**           * YES

11

(c)  **Direct appeal of ground Three**:                          * YES

(1)  **If you appealed this issue from the judgement of conviction, did you raise this issue?**                          * YES

(2)  **If you did not raise this issue in your direct appeal, explain why?:**

(d)  **Post-Conviction Proceedings:**

(1)  **Did you raise this issue through a post-conviction motion or petition for habeas corpus in state trial court?**                          * YES

(2)  **If your answer to question (d)(1) is "Yes," state: type of motion or petition**:

* Post Conviction Relief, Motion for Immediate Judgement and Appeal to the Wyo. S. Ct. and a Motion to Reconsider. And Subpoenas.

**Name and location of the court where the motion or petition was filed:**

* Sixth Judicial District of Campbell County, Gillette, Wyo.

•  **Docket or case number:**                          * CR- 4575

•  **Date of the court decision:**                          * October 22, 2009

•  **Result: ( attach a copy of the court opinion or order**:   * Arbitrarily Dismissed without review of the Constitutional violation(s) of Grounds having Merit.

(3)  **Did you receive a hearing on your motion or petition?**          * NO

(4)  **Did you appeal from the denial of your motion or petition?**   * YES

(5)  **If your question to (d) (4) is "Yes," state: did you raise this issue in the appeal?** *YES

(6)  **If your answer to (d) (4) is "Yes," state:  Name and location of the court where you appeal was filed:**          * Wyoming Supreme Court, Cheyenne, Wyo.

•  **Docket or case number:**                          *   S - 10 - 0102

•  **Date of the court's decision:**                          *   May 19, 2010

•  **Result: ( attach a copy of the court's opinion or order:**  * Arbitrarily Dismissed without review.

**(7) If your answer to question (d) (4) or (d) (5) is "NO," explain why you did not raise this issue:**

**(8) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, ect.) That have been used to exhaust your state remedies on Ground Three**: * Filed a motion(s), Direct Appeal, Post Conviction Relief, Immediate Judgement in Favor of the Petitioner, Motion to Reconsider and Subpoenas.

**GROUND FOUR:** (Original Appeal)

    * Did the Prosecutor commit misconduct when he Objected and then mis-characterized the defense evidence, in his closing arguments?

**(a) Supporting Facts:**

    • Prosecution was fully aware that the Petitioner's sister sent $200.00 Dollars for a bus Ticket to send Forquer Home. (This information was placed on the record through a closed Hearing) The Objection by the Prosecution to Hearsay stopped the Defendant from introducing this into evidence. However it would fall under the EFFECT UPON THE HEARER. But, did not? This particular evidence supported the Defendants Innocense.

    • Clinton Forquer also testified that his son (Jeremy Forquer) had told him that a bus ticket was bought for him by someone in the House.

    • Then Prosecution in closing arguments, (knowing full well what the money was for), remarked that the Defendant HAD to Borrow money from his sister because he was unemployed, misrepresenting the Facts and Misleading the Jury.

    **(b) If you did not exhaust your state remedies on ground Four, explain why?**

    **(c) Direct appeal of ground Four**:         * YES

    **(1) If you appealed this issue from the judgement of conviction, did you raise this issue?**     *YES

    **(2) If you did not raise this issue in your direct appeal, explain why?:**

**(d)  Post-Conviction Proceedings**:

    **(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in state trial court?**        * YES

    **(2)  If your answer to question (d)(1) is "Yes," state: type of motion or petition**:

    * Post Conviction Relief, Motion for Immediate Judgement and Appeal to the Wyo. S. Ct. and a Motion to Reconsider.

    **Name and location of the court where the motion or petition was filed:**

        * Sixth Judicial District, of Campbell County, Gillette, Wyo.

- **Docket or case number:**        *CR- 4575

- **Date of the court decision:**        * October 22, 2009

- **Result: ( attach a copy of the court opinion or order:**  * Arbitrarily Dismissed without review of the Constitutional violation(s) of Grounds having Merit.

    **(3)  Did you receive a hearing on your motion or petition?**    * NO

    **(4)  Did you appeal from the denial of your motion or petition?**  * YES

    **(5)  If your question to (d) (4) is "Yes," state: did you raise this issue in the appeal?** *YES

    **(6)  If your answer to (d) (4) is "Yes," state:   Name and location of the court where you appeal was filed:**    * Wyoming Supreme Court, Cheyenne, Wyoming

- **Docket or case number:**        *  S - 10 - 0102

- **Date of the court's decision:**        *  May 19, 2010

- **Result: ( attach a copy of the court's opinion or order:**  * Arbitrarily Dismissed without review.

    **(7)  If your answer to question (d) (4) or (d) (5) is "NO," explain why you did not raise this issue:**

    **(8)  Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, ect.) That have been used to exhaust your state remedies on**

14

**Ground Four**: * Filed a motion(s), Direct Appeal, Post Conviction Relief, Immediate Judgement in Favor of the Petitioner, Motion to Reconsider and Subpoenas.

## GROUND FIVE:

• Ineffective Assistance of "**Appellate Counsel**", in Violating of the Sixth and Fourteenth Amendment to Equal Protection and Equal Access to the Court(s).

### (a) Supporting Facts:

1). Petitioner put in writing for Appellate Counsel to Raise Ineffective Assistance of Counsel, and other Failures at Trial.

> a). Trial Counsel's Failure to Subpoena Key witness in support of the Petitioner.
>
> b). Trial Counsel's Failure to inform the expert witness with the correct information or to get his Curriculum Vitae.
>
> c). Trial Counsel's failure to prepare for Trial and or Investigate Petitioner's statement of facts of the case. Stating, "That is not what is in the Police report and No-one will believe you anyway."
>
> d). Proof of Perjury, Prosecutorial and Police Misconducts, violation of the Petitioner's 5th and 6th Amendment Rights. Improper Voir Dire, to include a Potential Juror who tainted other Jurors by discussing how he was going to vote Guilty. Was removed after the fact.
>
> e). Interference of Counsel's Due Diligence by his direct Supervisor "Ms Urbin". Ms Urbin made threats of termination to Counsel over the investigation and expenditures of time and money, of the Petitioner's case!

2). Appellate Counsel was "Ineffective" in failing to raise arguable issues on appeal created presumption of prejudice in that defendant was essentially left without representation on his appeal. • Considering the Public Defenders Office's history of concealing conflicts and ineffectiveness, it is not surprising that "Ms Kerin" failed to even attempt to investigate the Petitioner's claim of ineffective assistance of counsel, which are required to be raised on appeal.

15

**Harlow v State**, 70 P. 3d 179 (Wyo. 2003)

3). There were sufficient meritorious omitted claim(s), that can, by themselves ( or in relation to other issues that counsel did pursue) establish Constitutionally deficient performance by Appellate Counsel. Each of these claims should have been raised on direct Appeal but, were not. The fact that these claims were not raised is further proof that the Appellate Counsel was more concerned with the reputation of Trial Counsel, then the Petitioner's Constitutional Guaranteed Rights.

4). Appellant Counsel's performance was not only ineffective, but Counsel abandoned the required duty of loyalty to her client; Counsel did not simply make poor strategic or tactical choices; she acted with reckless disregard for his client's best interest, and apparently with the intention to weaken her client's case. That this is a direct result of Counsel being co-workers and friends.

5). As plainly stated by the Appellate Court; That the Court finds especially egregious that Proffit would select the Trivial, isolated statement as grounds for allegation of Prosecutorial Misconduct when he did not even attempt to demonstrate real prejudice from this comment. ( A Failure of Appellate Counsel).

**(b) If you did not exhaust your state remedies on ground Five, explain why?**

**(c) Direct appeal of ground Five:**                           • NO

**(1) If you appealed this issue from the judgement of conviction, did you raise this issue?**                                   • **NO**

**(2) If you did not raise this issue in your direct appeal, explain why?: \*** Appellate counsel was ineffective in failing to raise arguable issues on appeal and created presumption of prejudice in that defendant was essentially left without representation on appeal. **Delgado v. Lewis**, 181 F.3d 1087 (9th Cir. 1999). Failure to raise these arguable issues amounted to nothing less that the Appellate Counsel filing a Frivolous Appellate Brief, it was as if the Defendant was accentual left without Counsel. Which actually or constructively denied defendant the right to

issues in his appeal, by letter.

**(d)  Post-Conviction Proceedings:**

    **(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in state trial court?**           • YES

        **(2)  If your answer to question (d)(1) is "Yes," state: type of motion or petition:** * Post conviction Relief.  Motion for Immediate Judgement, Appeal of the Post Conviction to the Wyo S. Ct. and Motion to reconsider, and Subpoenas.

        **Name and location of the court where the motion or petition was filed:**

                • Sixth Judicial District of Campbell County, Gillette, Wyo.

    • **Docket or case number:**                • CR- 4575

    • **Date of the court decision:**            • October 22, 2009

    • **Result: ( attach a copy of the court opinion or order:**  * Arbitrarily Dismissed without review of the Constitutional violation(s) of Grounds having Merit.

    **(3)  Did you receive a hearing on your motion or petition?**      • NO

    **(4)  Did you appeal from the denial of your motion or petition?** •  YES

    **(5)  If your question to (d) (4) is "Yes," state: did you raise this issue in the appeal?** • YES

    **(6)  If your answer to (d) (4) is "Yes," state:  Name and location of the court where you appeal was filed:**        * Wyoming Supreme Court, Cheyenne, Wyoming

    • **Docket or case number:**                • S - 10 - 0102

    • **Date of the court's decision:**          • May 19, 2010

    • **Result: ( attach a copy of the court's opinion or order:**  * Arbitrarily Dismissed without review

    **(7)  If your answer to question (d) (4) or (d) (5) is "NO," explain why you did not raise this issue:**

    **(8)  Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, ect.)  That have been used to exhaust your state remedies on**

17

**Ground Five**: * Filed motion(s), Direct Appeal, Post Conviction Relief, Immediate Judgement in Favor of the Petitioner, Motion to Reconsider and Subpoenas. And Appeal.

## GROUND SIX:

● Ineffective Assistance of **Trial Counsel**, a 6th, 14th Amendment violation of the US Constitution.

**(a) Supporting Facts**:

• Failure to call compulsory witnesses in defense of the defendant. Failure and Refusal to Subpoena key witness' in support of the defendant. Failure to investigate the defendants case or gather witness information(s). Failure to object at key points, as to preserve for appeal.

* Counsel's failure to actively advocate defendant's cause, and repeated expressions of hostility toward defendant amounted to a constructive denial of assistance of counsel. **Rickman v Bell**, 131 F.3d 1150 (6th Cir 1997).

* "An attorney who adopts and acts upon a belief that his client should be convicted 'Fail[s] to function in any meaningful sense as the Government's adversary,'" **Osborn v Shillinger**, 961 F. 2d 612, 625 (CA10 1988) (quoting **United States v Cronic**, 466 US 648, 666 (1984) **Hale**, at 1323.

* Counsel's refusal to use information that supported the defendant's innocense and Counsel's refusal to allow the defendant to testify in his own behalf.

* "[W]here specific allegation before the Court show reason to believe that the Petitioner may, if the facts are fully developed, be able to demonstrate that he is... entitled to relief, it is the duty of the Courts to provide the necessary facilities and procedures for an adequate inquiry." **Bracy v Gramley**, 520 US 899, 908-909 (1997), quoting **Harris v Nelson**, 394 US 286, 299 (1968).

**(b)  If you did not exhaust your state remedies on ground Six, explain why?**

18

adequate inquiry." **Bracy v Gramley**, 520 US 899, 908-909 (1997), quoting **Harris v Nelson,** 394 US 286, 299 (1968).

    **(b)  If you did not exhaust your state remedies on ground Six, explain why?**

    **(c)  Direct appeal of ground Six**:                   • NO

    **(1)  If you appealed this issue from the judgement of conviction, did you raise this issue?**                         **• NO**

    **(2)  If you did not raise this issue in your direct appeal, explain why?:**  *  Appellate counsel was ineffective in failing to raise arguable issues on appeal and created presumption of prejudice in that defendant was essentially left without representation on appeal. **Delgado v. Lewis**, 181 F.3d 1087 (9th Cir. 1999). Failure to raise these arguable issues amounted to nothing less that the Appellate Counsel filing a Frivolous Appellate Brief, it was as if the Defendant was accentually left without Counsel. Which actually or constructively denied defendant the right to appellate counsel, and prejudice prong of Strickland test is not required. **Lombard v. Lynaugh**, 864 F.2d 1475 (5th Cir.1989). **Defendant specifically requested Appellate Counsel to raise these issues in his appeal.**

**(d)  Post-Conviction Proceedings**:

    **(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in state trial court?**             • YES

    **(2)  If your answer to question (d)(1) is "Yes," state: type of motion or petition**:

    • Post Conviction Relief. Motion for Immediate Judgement, Appeal, of Post Conviction to Wyo S. Ct. and Motion to reconsider and Subpoenas for affidavits.

    **Name and location of the court where the motion or petition was filed:**

                        * Sixth Judicial District of Campbell Co., Gillette, Wyo.

    • **Docket or case number:**                 • CR- 4575

19

- **Date of the court decision:**                    • October 22, 2009

- **Result: ( attach a copy of the court opinion or order:**   * Arbitrarily Dismissed
without review of the Constitutional violation(s) of Grounds having Merit.

   (3)  **Did you receive a hearing on your motion or petition?**        • NO

   (4)  **Did you appeal from the denial of your motion or petition?**        • YES

   (5)  **If your question to (d) (4) is "Yes," state: did you raise this issue in the appeal?** • YES

   (6)  **If your answer to (d) (4) is "Yes," state:  Name and location of the court where
   you appeal was filed:**                  • Wyoming Supreme Court, Cheyenne, Wyoming

- **Docket or case number:**                        • S - 10 - 0102

- **Date of the court's decision:**                  • May 19, 2010

- **Result: ( attach a copy of the court's opinion or order:**   * Arbitrarily Dismissed
without review.

   (7)  **If your answer to question (d) (4) or (d) (5) is "NO," explain why you did not
   raise this issue:**

   (8)  **Other Remedies: Describe any other procedures (such as habeas corpus,
administrative remedies, ect.) That have been used to exhaust your state remedies on
Ground Six:**  * Filed a motion(s), Direct Appeal, Post Conviction Relief, Immediate
Judgement in Favor of the Petitioner, Motion to Reconsider and Subpoenas.


## GROUND SEVEN:

- **Prosecutorial Misconduct**: Violation of the Petitioner's 6th and 14th Amendment.

**(a)  Supporting Facts:**

   • Where the State obtains a criminal conviction in a trial in which the defendant is
deprived of the effective assistance of counsel, the state unconstitutionally deprives the defendant
of his liberty, the defendant is thus in custody in violation of the Federal Constitution and Federal

Courts have a habeas corpus jurisdiction over his claim and may grant relief in a appropriate case, regardless of the nature of the attorney error. **Kimmelman v Morrison** 477 U S 365, 106 S Ct 2574.

    \* When Martinez pled Guilty to the Court, Martinez was asked "why" by the Judge, Martinez replied, "Forquer was working with the Cops" ( and by No stretch of anyone's imagination was connected to this Alleged drug deal.)

    • We now know that Prosecution threatened Martinez to gain his Cooperation. **Martinez v State** of Wyoming (2007).

    • **Martinez testified that the more convictions he helped get, the better his plea deal [could] be. CR- 4574, Trial Trans. 3/20/07, pp 139.**

    • When Martinez testified that he had lied, about "FACTS" of the Case, when he spoke to Police, when he testified in Court, in front of Judge and Jury, throughout the entire Process, Prosecution SCRAMBLED interjected that unless Martinez was under OATH he did not Commit a Crime when he lied. Except Martinez was under Oath during Hearings and Trials, making this Self Proclaimed and confessed "Perjury"!

    • Prosecution to alleviate this Impeachable Testimony, in rebutting Martinez's statement, asking ONLY if he was under Oath when he spoke to Police. Making NO REFERENCE to Hearings or Trials, this Mischaracterization of the Law was overly Prejudicial and inferred that Obstruction and Perjury were not Crimes! Prosecutorial Misconduct.

    • Prosecution in a "**ESTOPPEL BY SILENCE**", an Estoppel which arises where a person who by force of Circumstances is under a duty to another to speak, refrains from doing so and there by leads the other to believe in the existence of a State of facts in reliance upon which he acts to his Prejudice... **Engelhardt v Gravens**, (Mo) 287 SW 715, 719.

    • "It is unprofessional conduct for a Prosecutor to intentionally avoid the pursuit of evidence because he believes it will damage the Prosecutors case or aid the accused. He may not

properly refrain from investigation, in order to avoid coming into possession of evidence which
may weaken his case, independent of whether he may be obligated to disclose it to the defense.
Canons of Ethics. Such as the Phone Records, for one.

**(b) If you did not exhaust your state remedies on ground Seven, explain why?**

    **(c) Direct appeal of ground Seven** :                         • YES

    **(1) If you appealed this issue from the judgement of conviction, did you raise this
issue?**                                  • ONLY IN PART

    **(2) If you did not raise this issue in your direct appeal, explain why?: *** Appellate
counsel was ineffective in failing to raise arguable issues on appeal and created presumption of
prejudice in that defendant was essentially left without representation on appeal. **Delgado v.
Lewis**, 181 F.3d 1087 (9th Cir. 1999). Failure to raise these arguable issues amounted to nothing
less that the Appellate Counsel filing a Frivolous Appellate Brief, it was as if the Defendant was
accentual left without Counsel. Which actually or constructively denied defendant the right to
appellate counsel, and prejudice prong of Strickland test is not required. **Lombard v. Lynaugh**,
864 F.2d 1475 (5th Cir.1989). **Defendant specifically requested Appellate Counsel to raise
these issues in his appeal.**

    **(d) Post-Conviction Proceedings**:

    **(1) Did you raise this issue through a post-conviction motion or petition for habeas
corpus in state trial court?**                      • YES

    **(2) If your answer to question (d)(1) is "Yes," state: type of motion or petition**:

    • Post Conviction Relief, Motion for Immediate Judgement, Appeal to the Wyo. S. Ct.
and a Motion to Reconsider.

    **Name and location of the court where the motion or petition was filed:**

                            • Sixth Judicial District of Campbell County, Gillette, Wyo.

    ● **Docket or case number:**                       • CR- 4575

- **Date of the court decision:** • October 22, 2009
- **Result: ( attach a copy of the court opinion or order:** * Arbitrarily Dismissed

without review of the Constitutional violation(s) of Grounds having Merit.

(3) **Did you receive a hearing on your motion or petition?** • NO

(4) **Did you appeal from the denial of your motion or petition?** • YES

(5) **If your question to (d) (4) is "Yes," state: did you raise this issue in the appeal?** • YES

(6) **If your answer to (d) (4) is "Yes," state:   Name and location of the court where you appeal was filed:** • Wyoming Supreme Court, Cheyenne, Wyoming

• **Docket or case number:** • S - 10 - 0102

• **Date of the court's decision:** • May 19, 2010

• **Result: ( attach a copy of the court's opinion or order:** * Arbitrarily Dismissed

without review.

(7) **If your answer to question (d) (4) or (d) (5) is "NO," explain why you did not raise this issue:**

(8) **Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, ect.) That have been used to exhaust your state remedies on Ground Seven**: * Filed a motion(s), Direct Appeal, Post Conviction Relief, Immediate Judgement in Favor of the Petitioner, Motion to Reconsider and Subpoenas.

## GROUND EIGHT:

- **Police Misconduct**:   Violation of State, Federal and Constitutional Laws of the State of Wyoming and the United States of America. 5th ,6th and 14th Amendments to include Perjury and the manufacturing of evidence, Police reports,  vouching for the Credibility of the States Witness', Coercion of Witnesses, by threat or Promise and Misrepresentation of Material Fact. Withholding of Evidence beneficial to the Defendant's  Innocence.

23

**(a)  Supporting Facts**:

•  Police violated the Defendant's  Right to Remain Silent and to have an Attorney present. During questioning. ( 5th and 6th Amendment) Even after the Petitioner requested repeatedly to have his Attorney present!  **CR- 4574**, 01/19/2007, pg 145- 46, Trial Transcripts.

In addition Police placed a "NO" Phone or Visitors sign on the Petitioner's door.  Further restricting the Petitioner's Constitutional Rights.

That Lt Seeman interrogated the Petitioner after the Petitioner had been Arraigned on State Charges CR- 4574 and subsequent charges CR- 4575 were "**INEXTRICABLY INTERTWINED**" triggering exception to the offense-specific nature of the 6th Amendment Right to Counsel and requires Suppression of statement made to Lt Seeman, Counsel was appointed with respect to State Charges.  **US v Covarrubias**, 179, F.3d 1219 ( 9th Cir. 1999).

That the Petitioner's statements were fruit of earlier Violation of his 5th and 6th Amendment Right to Remain Silent and to have Counsel present during questioning and requires suppression.  **US v Fleiz**, 20 F Supp. 2d 97 (D. Mo. 1998).

Lt Seeman committed Perjury (**§ 6 -5 - 301(a)**.) When he testified he was unaware that the Petitioner was represented by Counsel.  **CR- 4574**, 01/19/2007, pg 145- 46, Trial Transcripts.

•  Withholding exculpatory Evidence from the Defense.  The removal of pages from the Co-defendants phone records.   Not just One but Two different (sets) of Phone records.

•  A 3rd and 4th  set of phone records were withheld from Discovery, that were in the possession of Police, containing Exculpatory Evidentiary facts that support the Defendant's Innocense, a violation of Brady!  (Ms G. Tollar and Jeremy Forquer phone records.)

*  Police withheld exculpatory evidence of [face to face] Contact of the Co-defendant's Martinez and Hicks,  while in Jail.  And the Passing of notes back and forth to each other. Prior to the Petitioner's Trial.

*  Lt Seeman was Caught coaching Martinez on how to answer the question on contact

of he (Martinez) and Hicks. Lt Seeman was caught shaking his head "NO"! When Martinez was asked this question.

  * Petitioner has written confirmation that Hicks and Martinez did in fact spend upwards of a week in the Same Pod together. Before the Petitioner went to Trial 2006. **Appendix B**

  * Police told potential witness for the Defendant, that the Petitioner had confessed to keep potential witnesses from testifying on the Petitioner Behalf. Affidavits forthcoming, from Petitioner's Trial Counsel Abraham.

  * Sgt Hamilton with malice of forethought manufactured a witness statement to obtain supporting documentation. Creating a Rush to Judgement and Tunnel Vision that effected the actual Investigation. **Appendix B**.

  * Prosecution violated a Gag Order by the Court when releasing sealed information to the Press, involving a Minor. And according to Prosecutor Edelman, "**THAT RELEASING PROFFIT'S COURT FILE WOULD " SUBSTANTIALLY INJURE THE PUBLIC INTEREST**", "**BY POSSIBLY INFLUENCING THE TRIAL"AND THE INVESTIGATION**! However Edelman still released this information knowing that it would directly or indirectly Effect the Public Opinion and Tainting any Potential Juror's, creating a Bias Jury Pool and that carried over to the INVESTIGATION ITSELF.

  **(b)  If you did not exhaust your state remedies on ground Eight, explain why?**

  **(c)  Direct appeal of ground Eight**:                    • NO

  **(1)  If you appealed this issue from the judgement of conviction, did you raise this issue?**                                                      • NO

  **(2)  If you did not raise this issue in your direct appeal, explain why?:** *  Appellate counsel was ineffective in failing to raise arguable issues on appeal and created presumption of prejudice in that defendant was essentially left without representation on appeal. **Delgado v. Lewis**, 181 F.3d 1087 (9th Cir. 1999). Failure to raise these arguable issues amounted to nothing less that the Appellate Counsel filing a Frivolous Appellate Brief, it was as if the Defendant was

accentual left without Counsel. Which actually or constructively denied defendant the right to appellate counsel, and prejudice prong of Strickland test is not required. **Lombard v. Lynaugh**, 864 F.2d 1475 (5th Cir.1989). Defendant specifically requested Appellate Counsel to raise these issues in his appeal.

**(d)  Post-Conviction Proceedings:**

    *(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in state trial court?*         • YES

    **(2)  If your answer to question (d)(1) is "Yes," state: type of motion or petition**:

    • Post Conviction Relief, Motion for Immediate Judgement, Appeal to the Wyo. S. Ct. and a Motion to Reconsider

    **Name and location of the court where the motion or petition was filed:**

                            • Sixth Judicial District of Campbell County, Gillette, Wyo.

    • **Docket or case number:**             • CR - 4575

    • **Date of the court decision:**          • October 22, 2009

    • **Result: ( attach a copy of the court opinion or order:**  * Arbitrarily Dismissed *without review of the Constitutional violation(s) of Grounds having Merit.*

    **(3)  Did you receive a hearing on your motion or petition?**    • NO

    **(4)  Did you appeal from the denial of your motion or petition? •** YES

    **(5)  If your question to (d) (4) is "Yes," state: did you raise this issue in the appeal?** • YES

    **(6)  If your answer to (d) (4) is "Yes," state:  Name and location of the court where you appeal was filed:**          • Wyoming Supreme Court, Cheyenne, Wyoming

    • **Docket or case number:**             • S - 10 - 0102

    • **Date of the court's decision:**         • May 19, 2010

    • **Result: ( attach a copy of the court's opinion or order)**  * Arbitrarily Dismissed

without review.

(7) **If your answer to question (d) (4) or (d) (5) is "NO," explain why you did not raise this issue:**

(8) **Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, ect.) That have been used to exhaust your state remedies on Ground Eight: \*** Filed a motion(s), Direct Appeal, Post Conviction Relief, Immediate Judgement in Favor of the Petitioner, Motion to Reconsider and Subpoenas. Appeal.

## GROUND NINE:

● *Judicial err: That Egregious error(s) were made by the District Court and the Appellate Court, when ruling on the Confrontational Clause of the 6th Amendment. Other violation of the abuse of Power, in reference to Voir Dire, Extensions of Time to File and failure to rule on Immediate Judgement Motion put before the Court, having Merit.*

### (a) Supporting Facts:

• The Court Granted the Wyo Attorney General a filing Extension, more than 20 Days after the filing deadline had passed. This is Inexcusable Neglect and is Incurable Defect on the part of the Attorney General and is improper Court Room Procedures.

• The Petitioner filed, Motion for Correction of Proper Wording and or Definition! For the Motion for Immediate Judgement in Favor of the Petitioner! In Accordance to Wyoming State Law! That the Wyoming Attorney General Failed to Respond in a Timely Manner: This motion was places into the US Mail Certified Return Receipt on October 16, 2009. After the filing deadline for the Attorney General had passed by 15 days.

• The Court [failed] to docket Petitioner's Motion for Immediate Judgement in Case **CR - 4575** altogether. However, the Court filed Case CR- 4574 (only), on Nov. 02, 2009. Both motions were Mailed out the very same day, SAME ENVELOPE! And was ruled on 5/27/2010, 8

27

days after the Wyo. Supreme Court DENIED the Petitioner's Post Conviction Relief, dated 5/19/2010.

• The Clerk of District Court of Campbell Co. Gillette, Wyo., Physically ALTERED the Wyo. Attorney General's "INCORRECT AND PAST DUE" paper work to correctly read the Petitioner's case Number(s).  A Violation under,  § 6-3-604 (a)(i)(ii)(b). Fraud against testamentary instruments: as defined by Statute.  (a) A person is Guilty if : he fraudulently steals, [alters], defects, destroys or secretes. (i) other testamentary instrument or; (ii). A part or all of a government record. (b). As used in this section, "Government Record" means a record, or is Filed with a Court of Record, a Circuit Court or any Government office or Officer.

• The Court also erred when it failed to hold an evidentiary hearing in relation to the Ineffective Assistance of Appellate Counsel. (Post Conviction Relief).

• The Court also erred when allowing Police to vouch for the witness testimony, giving Undue weight and credibility to unsubstantiated hearsay.  That the telling of a story is NOT Corroboration of Fact!  Then the witness testified that he had Lied to Police, Judge and Juries.

• The Court violated State rule of Law when it did not Grant the Petitioner's Immediate Judgement for failure of the Attorney General to respond in a timely manner, missing the filing deadline.  Then allowed the Attorney General to be heard anyway, in violation of State Statute.

• The Court erred when it allowed Law Enforcement to use statements in violation to the Petitioner's 5th and 6th Amendment Right, to Remain Silent and to have an Attorney Present During Questioning.  CR- 4574, 01/19/2007, pg 145- 46, Trial Transcripts.

*      The Wyo. Supreme Court further Abused their Authority by circumventing the Petitioner's Constitutional Right to Confront the Witness against him.  By referencing Proffit v State, 2007. (CR- 4574).  That the Hearsay of a THIRD PARTY was allowed because it was ruled as effect upon the Hearer in case CR- 4574.

*  However, CR- 4575, Proffit v State, 2006, this Third Party Hearsay was exactly that Hearsay.  That the Matter of Fact Asserted was this alleged drug deal and that Forquer was

28

the Planing and Distribution of these Drugs? That these discussions were held between Hicks and Martinez only. To further support the Petitioner's case are the following facts from the Sixth District Court.

- On the Third year of Seiser's 20 to 25, Judge Perry gave Seiser a Sentence Reduction, to time served, if Seiser could complete Boot Camp. A Violation of the one year limitation to a sentence reduction. Rule 35.

- The Petitioner believes that this sentence Reduction is abuse of Judicial discretion! To reduce a 20 to 25 years sentence in the Third year, then require only Boot Camp to obtain this sentence reduction is CONTRIVED!

- The Petitioner believes that this was a prearranged agreement, separate from the Plea deal. To serve only 3 years is equal to ( aiding and abetting Charge) and he would be released, Just to gain Seiser's supporting testimony! Especially after the comment from the Judge. "It appears that Seiser is specifically testifying for the Plea deal". **Proffit v State,** (2007).

- Further supported by Judge Perry statement: "It Appears to Me, Quite Frankly, in Following the Testimony Very Carefully That There Were Certainly Elements That Appeared to Cast on Mr. Seiser Fabrication or Improper Influence or Motive, Given the Nature of the Plea Agreement." **CR- 4574, March 20, (2007), PAGE 257.**

- If not for the Contrived testimony of Seiser the Defendant would of been found NOT GUILTY. Especially since the Defendant is INNOCENT of these charges!!

    **(b)  If you did not exhaust your state remedies on ground Nine, explain why?**

    **(c)  Direct appeal of ground Nine:**                * NO

    **(1)  If you appealed this issue from the judgement of conviction, did you raise this issue?**        * NO

    **(2)  If you did not raise this issue in your direct appeal, explain why?:** *  Appellate counsel was ineffective in failing to raise arguable issues on appeal and created presumption of prejudice in that defendant was essentially left without representation on appeal. **Delgado v.**

**(b)  If you did not exhaust your state remedies on ground Nine, explain why?**

**(c)  Direct appeal of ground Nine:**                                    *  NO

**(1)  If you appealed this issue from the judgement of conviction, did you raise this issue?**                                                        *  NO

**(2)  If you did not raise this issue in your direct appeal, explain why?:**  *  Appellate counsel was ineffective in failing to raise arguable issues on appeal and created presumption of prejudice in that defendant was essentially left without representation on appeal. **Delgado v. Lewis**, 181 F.3d 1087 (9th Cir. 1999).  Failure to raise these arguable issues amounted to nothing less that the Appellate Counsel filing a Frivolous Appellate Brief, it was as if the Defendant was accentual left without Counsel.  Which actually or constructively denied defendant the right to appellate counsel, and prejudice prong of Strickland test is not required. **Lombard v. Lynaugh**, 864 F.2d 1475 (5th Cir.1989). **Defendant specifically requested Appellate Counsel to raise these issues in his appeal.**

**(d)  Post-Conviction Proceedings:**

**(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in state trial court?**                          *  YES

**(2)  If your answer to question (d)(1) is "Yes," state: type of motion or petition:**

*  Post Conviction Relief, Motion for Immediate Judgement, Appeal to the Wyo. S. Ct. and a Motion to Reconsider

**Name and location of the court where the motion or petition was filed:**

• Sixth Judicial District,  Campbell County Gillette, Wyoming

● **Docket or case number:**                          • CR- 4575

● **Date of the court decision:**                       • October 22, 2009

● **Result: ( attach a copy of the court opinion or order:**  *  Arbitrarily Dismissed without review of the Constitutional violation(s) of Grounds having Merit.

**(3)  Did you receive a hearing on your motion or petition?**      • NO

**(4)  Did you appeal from the denial of your motion or petition?** • YES

**(5)  If your question to (d) (4) is "Yes," state: *did you raise this issue in the appeal?* •** YES

**(6)  If your answer to (d) (4) is "Yes," state:  Name and location of the court where**
you appeal was filed:                              * Wyoming Supreme Court, Cheyenne, Wyoming

- **Docket or case number:**                          *  S - 10 - 0102

- **Date of the court's decision:**                   *   May 19, 2010

- **Result: ( attach a copy of the *court's opinion or order*):** * Arbitrarily Dismissed
without review.

**(7)  If your answer to question (d) (4) or (d) (5) is "NO," explain why you did not
raise this issue:**

**(8)  Other *Remedies:* Describe any other procedures (such as habeas corpus,
administrative remedies, ect.)  That have been used to exhaust your state remedies on
Ground One**:   *  Filed a motion(s), Direct Appeal, Post Conviction Relief,  Immediate
Judgement in Favor of the Petitioner, Motion to Reconsider and Subpoenas.


## GROUND TEN:

● The Evidence does not support an Conviction of First Degree Murder or Conspiracy to
Commit First Degree Murder.

**(a)  Supporting Facts:**

• Testimony at Trial verifies that the Defendant was Not involved in any kind of drug
deal, that this alleged Drug deal was between Hicks,  Martinez and Forquer.

• As per Martinez's statement to Police, "he was aware that Forquer had been an
informant in a Drug deal in Missouri, but Martinez told NO-ONE in the home".

• Martinez' testified that Hicks stated that the "Drugs were not Coming and that they were
lost"? This testimony is unsupported and was not be Corroborated. Such as phone records.

However, Seiser testified that Hicks stated to him that the "Drugs were already in a Warehouse". Seiser also testified, **"That Forquer [could] of been the informant in Hicks drug deal."** (**Proffit v State**, Jury trial on 10/30/06, Id. at 294-295). *So which is it?*

• A press release from the Court in reference to Seiser, ( July 2010), that Forquer was murdered over going to police about this drug deal! This is once more the Assertion of Fact in this case!

• That a Rush to Judgement and Tunnel Vision, created a Run-A-Way-Train, and Law Enforcement removed physical Evidence that supported the Petitioner's INNOCENSE, Just to gain this Conviction, a MANIFESTED INJUSTICE, Violating the Petitioner's Constitutional Guaranteed Rights of the 5th, 6th and 14th Amendments.

• To further support this Manifested Injustice is the Incompetence of the Petitioner's Legal Counsel, *failing their 6th Amendment* Duty to their Client.

• The role of the Courts, then, is to enforce Constitutional Standards and to protect the Constitutional Rights of prisoners. **Tillery v. Owens**, 719 F Supp 1256, 1282-84, 907 F 2d 418. **Ruiz v. Estelle**, 679 F2d 1115, 1126 (5th Cir 1982).

• It is the duty of the Court not to respond to public pressure but to uphold the Constitution of the United States and Federal Laws. **United States v Michigan,** S Ct 460 F Supp 637.

**(b)   If you did not exhaust your state remedies on ground Ten, explain why?**

**(c)   Direct appeal of ground Ten:**                    * NO

**(1)   If you appealed this issue from the judgement of conviction, did you raise this issue?**                    * NO

**(2)   If you did not raise this issue in your direct appeal, explain why?:** *   Appellate* counsel was ineffective in failing to raise arguable issues on appeal and created presumption of prejudice in that defendant was essentially left without representation on appeal. **Delgado v.**

32

**Lewis**, 181 F.3d 1087 (9th Cir. 1999).  Failure to raise these arguable issues amounted to nothing less that the Appellate Counsel filing a Frivolous Appellate Brief, it was as if the Defendant was accentual left without Counsel.  Which actually or constructively denied defendant the right to appellate counsel, and prejudice prong of Strickland test is not required.  **Lombard v. Lynaugh**, 864 F.2d 1475 (5th Cir.1989).  **Defendant specifically requested Appellate Counsel to raise these issues in his appeal.**

**(d)**  *Post-Conviction Proceedings:*

    **(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in state trial court?**          * YES

    **(2)  If your answer to question (d)(1) is "Yes," state: type of motion or petition**:

    * Post Conviction Relief and Appeal to the Wyo. Supreme Court and a motion to Reconsider.

    **Name and location of the court where the motion or petition was filed:**

        * Sixth Judicial District Ct. of Campbell Co. Gillette, Wyo.

- **Docket or case number:**         * CR - 4575
- **Date of the court decision:**         * October 22, 2009
- **Result: ( attach a copy of the court opinion or order:**  * Arbitrarily Dismissed without review of the Constitutional violation(s) of Grounds having Merit.

    **(3)  Did you receive a hearing on your motion or petition?**      * NO

    **(4)  Did you appeal from the denial of your motion or petition?**      * YES

    **(5)  If your question to (d) (4) is "Yes," state: did you raise this issue in the appeal?** * YES

    **(6)  If your answer to (d) (4) is "Yes," state:  Name and location of the court where you appeal was filed:**      * Wyo. Supreme Ct. , Cheyenne, Wyo.

- **Docket or case number:**         * S - 10 - 0102
- **Date of the court's decision:**         * May 19, 2010

- **Result: ( attach a copy of the court's opinion or order:** *Arbitrarily Dismissed without review.

(7)  **If your answer to question (d) (4) or (d) (5) is "NO," explain why you did not raise this issue:**

(8)  **Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, ect.)  That have been used to exhaust your state remedies on Ground Ten**: *  Filed a motion(s), Direct Appeal, Post Conviction Relief, Immediate Judgement in Favor of the Petitioner, Motion to Reconsider and Subpoenas.

13.  **Please answer these additional questions about the petition you are filing:**

(a)  **Have all grounds for relief that you have in this petition been presented to the highest state court having jurisdiction?**                    *  YES
**If your answer is "No," state what grounds have not been presented and give your reason(s) for not presenting them:**

(b)  **Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented and state your reasons for not presenting them:**                    *NO

14.  **Have you previously filed any type of petition, application, or motion in a Federal Court regarding the conviction that you challenge in this petition?**          *  NO

**If "Yes,"** *state the name and location of the court,* **the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.**

15.  **Do you have any petition or appeal now pending (filed and not decided yet) in any**

34

court, either state or federal, for the judgement you are challenging?     * NO

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issue raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgement you are challenging:

| | | **Lead Counsel** | 2nd **Chair** |
|---|---|---|---|
| (a) | At the preliminary Hearing: | | |
| (b) | At Arraignment and Plea: | Dion Custis Esq. | Craig Abraham Esq. |
| (c) | At Trial: | 400 East 20th Street | 1304 Mary Court |
| (d) | At Sentencing: | Cheyenne, Wyo. 82001 | Gillette, Wyo. 82717 |
| | | 307- 638 - 2442 | (307) 689-1328 |
| (e) | On Appeal: | Tina Kerin Esquire | ( 307) 777- 3451) |
| | | 2020 Carey Ave. Suit 100, Cheyenne, Wyo. 82002 | |

(f) **In any post- conviction proceeding**:     * PRO SE

(g) **On appeal from any ruling against you in a post-conviction Proceeding**: Pro Se

17. **Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?**     * YES

    (a) **If so, give name and location of the court that imposed the other sentence you will serve in the future:** Sixth Judicial District of Campbell Co. Gillette, Wyo.

    (b) **Give the date the other sentence was imposed:**    **2007**

    (c) **Give the length of the other sentence**: Life without Parole

    (d) **Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgement or sentence to be served in the future?**    YES

**18. TIMELINESS OF PETITION:  if your judgement of conviction became final over one year ago, you must explain why the one year statute of limitation as contained in 28 U.S.C. § 2244 (d) does not bar your petition**.

(1). The petitioner filed, post-conviction relief motion(s) with the State of Wyoming, to be in compliance with the federal court rules.  The petitioner has (used up) his state remedies and is pursuing his Federal relief.

(2).  The last court to hear the petitioner's motion was the Wyoming Supreme Court, and they denied the petitioner's post-conviction relief. Without review!   (May 19, 2010)

THEREFORE, Petitioner asks that the Court to grant the following relief:  For the Federal District Court to **VACATE** and or **SET ASIDE THE PETITIONER'S CONVICTION** and Remand for a New Trial or any relief to which may be entitled.

I declare (or certify, verify, or state) under the penalty of perjury that the following is true and correct.  I further declare under the penalty or perjury that this Petition for Writ of Habeas Corpus was placed in to the institutional  mailing system or deposited with prison officials on *NOV* ~~October~~ _9_ , 2010). I attest that first-class postage has been prepaid.

Executed (signed) on ~~October~~ _9_ , 2010.
*NOV.*

_Kent Proffit_

Signature of Petitioner

_Michele Higby_

NOTARY

_June 9, 2012_

DATE

Michele Higby - Notary Public
County of Carbon     State of Wyoming
My Commission Expires June 9, 2012

36